**Michael G. BECK and Karen F. Beck, Petitioners,**

v.

**Paul S. McNEILL, Director of Revenue, Respondent.**

**No. 56017.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

Case Transferred to Supreme Court Nov. 14, 1989.

Case Retransferred to Court of Appeals Feb. 5, 1990.

Original Opinion Reinstated Feb. 15, 1990.

Michael G. Beck, Clayton, for petitioners.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Michael G. Beck and Karen F. Beck (purchasers) appeal from the decision of the Administrative Hearing Commission (Commission) which, after a hearing, affirmed the assessment of city and county sales taxes by the Director of Revenue (Director) on the purchase of their motor vehicle. We affirm.[1]

Purchasers are Brentwood, Missouri residents who bought a Mercedes–Benz automobile from a dealer in Arkansas. Purchasers solicited the bid by telephone from Missouri and wired the purchase money to the Arkansas dealer. The car was delivered directly to the home of purchasers in Brentwood. No trade-in automobile was involved. Purchasers never paid any Arkansas taxes. Purchasers paid $1,782.95 to Director in payment of the Missouri use tax, but refused to pay the one-percent Brentwood City sales tax and the one-half of one-percent St. Louis County transportation sales tax, which totaled $633. Director refuses to license and title the car in Missouri until these taxes are paid.

Purchasers' sole contention on appeal is that the Commission erred in ruling that an interstate transaction can be subject to the Missouri sales tax. Purchasers rely on Section 144.030.1, RSMo (1986) to support their claim that interstate transactions are exempt from sales tax. That section provides:

> There is hereby specifically exempted from the provisions ... from the computation of the tax levied ... such retail sales as may be made in commerce between this state and any other state ... and any retail sale which the State of Missouri is prohibited from taxing under the Constitution or laws of the United States of America....

■ Section 144.069, RSMo (1986) specially provides that the sale of motor vehicles does not come within the provisions of Section 144.030.1. In addition, interstate commerce may constitutionally be made "to pay its way." *Maryland v. Louisiana*, 451

---

1. The issues presented in this appeal involve the application of existing principles of law construing the revenue laws of this state. Jurisdiction for this appeal therefore lies in this court *see, e.g., Knowlton v. Ripley County Memorial Hosp.*, 743 S.W.2d 132 (Mo.App.1988).

U.S. 725, 754, 101 S.Ct. 2114, 2133, 68 L.Ed.2d 576 (1981), [citing *Complete Auto Transit Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), and *Western Live Stock v. Bureau of Revenue*, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823 (1938) ]. The basic principle that interstate commerce is immune from state and local taxation has been rejected. *Director of Revenue v. Superior Aircraft Leasing Company, Inc.*, 734 S.W.2d 504, 506 (Mo. banc 1987). "When there is a substantial nexus with the taxing state, the commerce clause does not absolutely forbid local regulation of interstate commerce." *Shell Oil Co. v. Director of Revenue*, 732 S.W.2d 178, 183 (Mo. banc 1987). We therefore hold that under Section 144.030.1 Missouri is not "prohibited from taxing under the Constitution or laws of the United States of America" a sale in interstate commerce.

■ The test for determining if a state may tax interstate commerce is whether the tax (1) has a substantial nexus with the state; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the state. *Maryland,* 451 U.S. at 754, 101 S.Ct. at 2133. Missouri has adopted this test for determining when a state may tax interstate commerce. *Superior Aircraft,* 734 S.W.2d at 506–508.

■ Purchasers contend that the disputed sales taxes are not "fairly related to the service provided by the state." We disagree.

Purchasers are entitled to use the public roads and highways of Brentwood and St. Louis County. *See Delta Air Lines, Inc. v. Department of Revenue,* 455 So.2d 317, 323–324 (Fla.1984) ["fairly related" prong analyzed in upholding imposition of state sales tax on purchase of aviation fuel]. Local government incurs expenses, *inter alia*, in maintaining streets and roads for the use of purchasers. The disputed taxes are fairly related to the services provided and therefore meet the requirements of *Complete Auto Transit.* Purchasers' point is denied.

The decision of the Administrative Hearing Commission is affirmed.

PUDLOWSKI, P.J., concurs.

KAROHL, J., concurs in result with opinion.

KAROHL, Judge, concurring.

I concur in the result but do not agree this motor vehicle sale was an interstate transaction. The automobile and the documents of title were delivered to purchasers in Brentwood, Missouri. The sale took place there. Accordingly, the city sales tax is due and owing. The provisions of § 144.030 RSMo 1986 do not apply to this sale of a titled motor vehicle. This section is irrelevant in the present case.